## STATE *vs.* FREDERICK A. SHARF.

1. HUSBAND AND WIFE—HUSBAND REQUIRED TO SUPPORT WIFE IN SUCH MANNER AS HIS CIRCUMSTANCES WILL REASONABLY PERMIT.

It is the duty of the husband, as the head of the household, to provide for the support and maintenance of his wife in such manner as his conditions and circumstances will reasonably permit.

2. HUSBAND AND WIFE—"CRUELTY" JUSTIFYING WIFE IN LEAVING HUSBAND DEFINED.

The wife has no right to leave her husband's home and expect him to support and maintain her elsewhere simply because she is disappointed and dissatisfied, or because there have been quarrels and differences between them, or merely because of austerity of temper, rudeness of language, and even occasional sallies of passion on part of husband, but husband's conduct, to constitute cruelty justifying wife in leaving him and to require husband to support her after she has so left, under *Rev. Code* 1915, § 3034, making nonsupport of wife a misdemeanor, must be such as to render continued cohabitation physicially unsafe.

3. HUSBAND AND WIFE—NONSUPPORT NOT A MISDEMEANOR UNLESS WIFE IS IN NECESSITOUS CIRCUMSTANCES.

Husband's failure to support wife does not constitute a misdemeanor under *Rev. Code* 1915, § 3034, unless wife is in destitute and necessitous circumstances.

4. HUSBAND AND WIFE—WIFE IN "DESTITUTE AND NECESSITOUS CIRCUMSTANCES" WITHIN STATUTE, THOUGH SHELTERED AND FED BY OTHERS THAN HUSBAND; "NECESSITOUS CIRCUMSTANCES."

A wife may be in "destitute or necessitous circumstances" within *Rev. Code* 1915, § 3034, denouncing husband's failure to support such a wife as a misdemeanor, though she is being given shelter and food by child or by sympathizing relatives, friends, or strangers, since a wife is in necessitous circumstances when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish.

5. HUSBAND AND WIFE—HUSBAND LIABLE FOR WIFE'S SUPPORT WHERE, AFTER HAVING LEFT HIM, SHE IN GOOD FAITH SEEKS TO RETURN.

Even though wife was not justified in leaving husband, if she should change her mind and in good faith seek to return it would be the husband's duty to receive her, and if he refused to so do he would be liable for her support and maintenance.

*(October* 21, 1920)

PENNEWILL, C. J. and HEISEL J., sitting.

*Thomas C. Frame, Jr.,* for State.

*Arley B. Magee* for accused.

Court of General Sessions for Kent County, October Term, 1920.

INDICTMENT No. 10, July Term, 1920.

Frederick A. Sharp was indicted for non-support of his wife. On trial the jury disagreed.

Evidence was offered to show that the accused and his complaining wife were married on January 29, 1888, and that they lived together on a farm until May, 1919, when the accused directed his wife to get out, saying to her, "I don't want to hurt you, but if you don't get out, I will hurt you, and I shall hurt you bad;" that she thereupon left him and went to the home of her brother, where she remained for about a week, when upon the persuasions of her children and husband and with his promise to treat her better, she returned to him; that about the 1st of August following, the accused began to annoy and distress his wife by telling her that he was going to sell their land and everything on the place; that at one time he caught her by the head, shaking her three or four times back and forth and saying, "I am going to kill you, and I have a great mind to do it;" that he continually cursed, abused and threatened her, making her afraid of him and her life miserable; that finally, when leaving the house one afternoon, he told her not to be there when he returned home; that she again left him, and went to the home of one of her daughters, where she has continued to remain without any support from her husband, though she was and is without income or any means of support except as aided by her daughter and by what little she can earn by her own efforts.

The defense was to the effect that the accused had not deserted or willfully neglected or refused to provide for the support and maintenance of his wife, but, on the contrary, she voluntarily deserted him, and persists in deserting him, though he has on several occasions urged her to return to him; and that since she left him he always has, and does still, maintain and keep his home open for her return; that while they lived together he had and still has love and affection for his wife, and when with him he supported her according to the best of his means. He denied the several acts of ill treatment and accusations made against him by his wife.

The testimony of the accused was corroborated in large part

by a son and two daughters, and his character for peace and good order was shown.

For the state the court was requested to charge the jury that a husband is bound to support his wife. And for the accused, that the husband is the head of the home; that he has a right to say where the home shall be and what it shall be, if it be maintained in such condition as his circumstances will reasonably permit; and that the jury must find that the accused has failed to support his wife without just cause and that she is in necessitous circumstances, before rendering a verdict of guilty.

PENNEWILL, C. J., charging the jury:

The statute upon which the indictment in this case is based provides that

"Any husband who shall, without just cause, desert and wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances * * * shall be guilty of a misdemeanor." *Rev. Code* 1915, *p.* 1421, § 3034.

It is not denied by the husband that he has not provided for the support and maintenance of his wife, since she left him, and it is not denied by the wife that her husband did provide for her support and maintenance while she remained with him.

The real question, therefore, for the jury to determine is whether the defendant has, without just cause, wilfully neglected or refused to provide for the support and maintenance of his wife since she left him; and that necessarily raises this further question: Was the wife justified, under the law, in leaving and remaining away from her husband? To assist you in reaching a conclusion on this point I will endeavor to instruct you briefly respecting the relative duties of husband and wife living together.

[1] It is the duty of the husband as the head of the household to provide for the support and maintenance of his wife in such manner as his condition and circumstances will reasonably permit. And the husband is entitled to the comfort, society, assistance and services of his wife unless he forfeits his right thereto by such treatment as will justify her leaving him.

Opinion.

[2]   The wife has no right to leave her husband's home and expect him to support and maintain her elsewhere simply because she is disappointed and dissatisfied, or because there have been quarrels and differences between them.   There are not very many homes free at all times from such experiences.

The complainant seeks to justify her action in this case on the ground of her husband's cruel treatment, and it is necessary for the court to tell you what constitutes such treatment.   Cruelty has been defined to be, any conduct in one of the married parties which, to the reasonable apprehension of the other, or in fact, renders cohabitation physically unsafe to a degree justifying a withdrawal therefrom.

Mere austerity of temper, rudeness of language and even occasional sallies of passion, do not amount to legal cruelty.

[3]   But if you believe from the testimony that defendant's treatment of his wife was  such as to render continued living with him physically unsafe, she was justified in leaving him, and your verdict should be guilty, provided you also believe that she was in destitute or necessitous circumstances at the time she  filed her complaint.   Her leaving would, in that case, be caused by the husband's legal fault, and his failure to support and maintain her would be without just cause.   But if the husband's treatment of his wife was not such as to render continued living with him unsafe, then the wife has no right to leave his home and refuse to return.   Under such circumstances, the husband has just cause to refuse to support and maintain his wife and your verdict should be not guilty.

[4]   If you believe from the testimony that the wife was not, at the time of making her complaint, in destitute and necessitous circumstances, your verdict should likewise be not guilty because under the statute unless the wife is in such condition she cannot compel her husband to support her.   But while this is so, the court instruct you that the fact that a child of the wife gives the mother shelter and food does not relieve her from being in destitute and necessitous circumstances within the meaning of the law.

"A wife is in necessitous circumstances * * * when she does not have property or money available for such necessities or ordinary comforts of life as her husband can reasonably furnish. * *

"The essence of the act is that a man shall not be allowed to shift the burden of supporting his wife * * * upon others under no obligation to bear it. * * * Therefore, whenever a husband, without just cause, neglects or refuses to provide for the support and maintenance of his wife and thereby places her in such a situation that she stands in need of the necessaries of life, it is not material that they are supplied by her own labor or by sympathizing relatives, friends, or stangers, so that she does not in fact suffer from privation. He is guilty if he leaves her in such circumstances, that, without her own efforts or outside help, she would lack the necessaries of life."

*Donaghy v. State, 6 Boyce, 467, 100 Atl. 696.*

[5] In conclusion I think it proper to say that even though the wife was not justified in leaving her husband's home, yet if she should change her mind and in good faith seek to return, it would be the defendant's duty to receive her; and if he refused to do so he would then be liable for her support and maintenance in another action.

The jury disagreed.